**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

MICHAEL MITCHELL                                                                PLAINTIFF
ADC # 152128

v.                                              3:26CV00136-JM-JTK

MOET WILLIAMS, et al.                                                        DEFENDANTS

**ORDER**

Michael Mitchell ("Plaintiff") is an inmate at the Varner Unit of the Arkansas Division of

Correction.    His claims in this case arise from the time he was serving time at the Mississippi

County, Arkansas, Jail.    (Doc. No. 2 at 3).    Plaintiff filed this pro se action against Jailer Moet

Williams, Assistant Chief John Weldon, and the Doe Mississippi County Sheriff (collectively,

"Defendants").    (Doc. No. 2).    Plaintiff also filed a Motion to Proceed In Forma Pauperis, which

the Court will grant by separate Order.    (Doc. No. 1).

The Court must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act

("PLRA").    Plaintiff's claims against Defendant Williams survive screening as pled.    As

explained below, Plaintiff claims against Defendants Weldon and Doe currently fail to state a claim

on which relief may be granted.    Plaintiff will be given the chance to amend his pleadings to cure

the defects.    If Plaintiff does not submit an Amended Complaint, the Court will serve Plaintiff's

claims against Defendant Williams in his personal capacity but recommend that all other

allegations be dismissed without prejudice for failure to state a claim on which relief may be

granted.

**I.      Screening**

Pursuant to the PLRA, federal courts must screen prisoner complaints seeking relief against

a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).    The Court must dismiss a

complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If a plaintiff alleges only facts that are "'merely consistent with' a defendant's liability," the allegations do not chin the plausibility bar. Id.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II.    Facts and Analysis

Plaintiff sued Defendants in their official and personal capacities.

### A.    Official Capacity Claims

Plaintiff sued Defendants in their personal and official capacities. He identifies Defendants as employees of Mississippi County. (Doc. No. 2). "A suit against a government

2

officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989). Because Plaintiff has not alleged that an official or unofficial policy, or deliberately indifferent failure to train or supervise, was the driving force behind the alleged violation of his rights, Plaintiff failed to state an official capacity claim on which relief may be granted.

### B.    Personal Capacity Claims

Plaintiff brought his claims under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Iqbal, 556 U.S. at 676 (2009). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. Id. at 678.

#### 1.    Defendant Williams

On July 7, 2024, Defendant Williams sexually assaulted Plaintiff at the Mississippi County Jail. (Doc. No. 2 at 5). The abuse continued daily until Plaintiff reported it on July 29, 2024. (Id.). According to Plaintiff, Defendant Williams was terminated because of his actions and charged with sexual assault. (Id.). The Court will serve these claims.

**2.      Defendants John Weldon and Doe Mississippi County Sheriff**

Plaintiff also sued Assistant Chief John Weldon and the Doe Mississippi County Sheriff.[1]

Plaintiff made no allegations of fact against Defendant Weldon or the Doe Mississippi County Sheriff.   Without an explanation of what Defendants Weldon and Doe allegedly did wrong, Plaintiff's claims against them fail.

**C.      Supplement to Complaint**

Plaintiff may amend his Complaint  to cure the defects explained above.  If Plaintiff decides to amend, Plaintiff should submit to the Court, within 30 days of the entry date of this Order, an Amended Complaint that contains in a single document his claims against all Defendants he is suing.  Plaintiff is cautioned that an Amended Complaint renders his Complaint without legal effect.[2]  Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name as a Defendant each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible;   3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

---

[1] The public record reflects that Dale Cook was the Sheriff of Mississippi County, Arkansas, in 2024.

[2] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

If Plaintiff does not submit an Amended Complaint, the Court will serve Plaintiff's claims against Defendant Williams in his personal capacity but recommend that Plaintiff's other claims be dismissed.   28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

**IV.     Conclusion**

IT IS, THEREFORE, ORDERED that:

1.     If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within 30 days from the date of this Order.   If Plaintiff does not submit an Amended Complaint, the Court will serve Plaintiff's claims against Defendant Williams in his personal capacity but recommend that Plaintiff's other claims be dismissed.   28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

2.     The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 11th day of May, 2026.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE